980 F.2d 740
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Bryan TALIAFERRO, Jr., aka Tom Byron, Defendant-Appellant.
 No. 91-50872.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 30, 1992.
 
 Before WALLACE, Chief Judge, and TROTT and T.G. NELSON, Circuit Judges.
 MEMORANDUM**
 Defendant Thomas Bryan Taliaferro appeals the district court's refusal to substitute attorney David Katz as Taliaferro's counsel pursuant to 18 U.S.C. § 3006A (1988), Criminal Justice Act (CJA). We affirm and hold that the district court did not abuse its discretion when it refused to substitute Katz as Taliaferro requested.
 
 
 1
 A federal grand jury indicted Taliaferro on three counts of tax evasion. After the court appointed attorney Michael Brennan from the federal indigent defense panel, Taliaferro moved to obtain a CJA appointment of Katz. The district court denied the motion because Katz was not a member of the CJA indigent defense panel.
 
 
 2
 Taliaferro's contention that the district court erred in refusing to appoint Katz because Katz was not a member of the indigent defense panel is without merit. First, a defendant does not have the right to appointed counsel of his choice. Brown v. Craven, 424 F.2d 1166, 1170 (9th Cir.1970).
 
 
 3
 Second, the district court acted in accordance with the CJA. The CJA provides that each district court will formulate a plan to furnish representation for indigent defendants. 18 U.S.C. § 3006A(a). The Plan for the Central District of California states that the magistrate shall appoint counsel from the Federal Public Defender's Office or a court-approved panel of attorneys "except in extraordinary circumstances where it becomes necessary to make another selection of a member of the Bar of this Court. The party shall not have the right to select his appointed counsel from the Federal Public Defender Organization, from the panel of attorneys, or otherwise." Plan, § V.A., 8. The Plan further provides that the appointment is within the province of the judge. Id. at § V.C., 13. In addition, the judge may substitute one appointed counsel for another when a substitution would be in the interest of justice. Id.
 
 
 4
 In this case, the district court chose Brennan from the court-approved indigent defense panel. No "extraordinary circumstances" existed which would warrant an exception; thus, the district court did not abuse its discretion by refusing to appoint or substitute a nonmember of the indigent defense panel.
 
 
 5
 Taliaferro also claims that he was entitled to Katz's representation because of a pre-indictment attorney-client relationship with Katz. However, the Sixth Amendment does not guarantee that an accused have a "meaningful relationship" with his or her counsel. Morris v. Slappy, 461 U.S. 1, 14 (1983). Furthermore, Taliaferro does not claim that he and Brennan were "embroiled in irreconcilable conflict" that would prevent effective assistance of counsel. Brown, 424 F.2d at 1170.
 
 
 6
 Therefore, we hold that the district court properly exercised its discretion when it refused to appoint Katz.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3